**FREEMAN MATHIS & GARY, LLP**
SAMUEL Y. EDGERTON, III (CA Bar No. 127156)
sedgerton@fmglaw.com
JOHNNY L. ANTWILER (CA Bar No. 288772)
jantwiler@fmglaw.com
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, California 90254
Tel: (310) 937-2066 | Fax: (310) 937-2064

Attorneys for Defendants, PERFORMANCE HEALTH SYSTEMS, LLC
and LEE S. HILLMAN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| FREEDOM MAGNET, LLC, a South Dakota limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE HEALTH SYSTEMS, LLC, a Delaware limited liability company, LEE S. HILLMAN, an individual, and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. 2:17-cv-3465<br><br>[*State Court Case No. SC127323*]<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** |

**FREEMAN MATHIS & GARY, LLP**
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

**FREEMAN MATHIS & GARY, LLP**
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants, Performance Health Systems, LLC and Lee Hillman, hereby remove this action, pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1331, from the Superior Court of the State of California for the County of Los Angeles, Case No. SC127323, and in further support thereof, state as follows:

**PLEADINGS**

1.     On April 3, 2017, Plaintiff, Freedom Magnet, LLC, commended this action in the Superior Court of the State of California, County of Los Angeles, which has been designated as Case No. SC127323. A true and correct copy of the Complaint is attached as Exhibit A.

**TIMELINESS OF REMOVAL**

2.     Defendants, Performance Health Systems, LLC and Lee Hillman, received a copy of the Complaint and a summons from the said state court for the first time by delivery to Performance Health Systems, LLC's office in Lake Forest, California on April 7, 2017. (*See* Affidavit of Lee Hillman, attached as Exhibit B, ¶3). A true and correct copy of the Summons is attached as Exhibit C. Therefore, this notice has been timely filed within thirty (30) days of receipt by the Defendants, through service or otherwise, pursuant to 28 U.S.C. § 1446(b).

**JURISDICTION**

3.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 as a "civil action[ ] arising under the Constitution, laws, or treaties of the United States," and  one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* 4.     As the Third Cause of Action within its Complaint, Plaintiff asserts a claim for Defendants' alleged violation of Section 10(b) of the Securities

2

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(a)**
**(FEDERAL QUESTION)**

Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* ("the Act"), and Rule 10b-5. 17 C.F.R. § 240.10b-5. (Ex. A, ¶¶39-45).

5.     Section 78aa(a) of the Act provides that "[t]he district courts of the United States . . . shall have ***exclusive jurisdiction*** of violations of [the Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by [the Act] or the rules and regulations thereunder." (emphasis added). 15 U.S.C. § 78aa(a); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1567 (2016).

6.     Accordingly, Plaintiff's Complaint raises a federal question which is central to the resolution of this action and removal is proper under 28 U.S.C. § 1331.

## INTRADISTRICT ASSIGNMENT

7.     The United States District Court for the Central District of California, Western Division, embraces the district and division in which the state court action is now pending, and thus, removal to this Court is proper under 28 U.S.C. § 84(c)(1).

## JOINDER OF ALL DEFENDANTS

8.     The removing Defendants are the only named defendants identified at this time. Accordingly, all presently named defendants have joined in this removal.

## NOTICE TO STATE COURT AND ADVERSE PARTY

9.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, in which this action is currently pending. Copies of the notice to the adverse party of the removal to federal court, together with this notice of removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(a)**
**(FEDERAL QUESTION)**

## NO RELATED CASES PENDING

10.    To the best of Defendants' knowledge, there are no cases presently pending in this Court that relate to the action that is the subject of this notice of removal of action.

**WHEREFORE**, Defendants, Performance Health Systems, LLC and Lee Hillman, hereby remove this action from the Superior Court of the State of California, County of Los Angeles to this Court, the District Court for the Central District of California, Western Division, and pray for such other and further relief to which they may be entitled.

Respectfully Submitted,

DATED: May 8, 2017          **FREEMAN MATHIS & GARY, LLP**


By: ____*/s/ Johnny L. Antwiler*_____
          Sam Y. Edgerton, III
          Johnny L. Antwiler
          Attorneys for Performance Health
          Systems, LLC and Lee Hillman

FREEMAN MATHIS & GARY, LLP
2615 Pacific Coast Hwy, Suite 300
Hermosa Beach, CA 90254

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(a)
(FEDERAL QUESTION)**

# EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 03 2017

Sherri R. Carter, Executive Officer/Clerk
By: Stacey Watson, Deputy

1   **BRIAN G. WOLF (BAR NO. 135257)**
    **ZEV F. RABEN (BAR NO. 297406)**
2   **LAVELY & SINGER**
    **PROFESSIONAL CORPORATION**
3   2049 Century Park East, Suite 2400
    Los Angeles, California 90067-2906
4   Telephone: (310) 556-3501
    Facsimile: (310) 556-3615
5   Emails:  bwolf@lavelysinger.com
             zraben@lavelysinger.com
6
7   Attorneys for Plaintiff
    FREEDOM MAGNET, LLC
8
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10                       **COUNTY OF LOS ANGELES**
11  FREEDOM MAGNET, LLC, a South Dakota  )   CASE NO.  SC127323
    limited liability company,                )
12                                            )   **COMPLAINT FOR:**
                                              )
13              Plaintiff,                     )   **(1)   FRAUDULENT INDUCEMENT;**
                                              )   **(2)   FRAUDULENT CONCEALMENT;**
14         v.                                 )   **(3)   SECURITIES FRAUD IN**
                                              )         **VIOLATION OF § 10(b) AND RULE**
15  PERFORMANCE HEALTH SYSTEMS,               )         **10b-5 OF THE SECURITIES**
    LLC, a Delaware limited liability company; )        **EXCHANGE ACT OF 1934;**
16  LEE S. HILLMAN, an individual; and        )   **(4)   SECURITIES FRAUD IN**
    DOES 1 through 20, inclusive,             )         **VIOLATION OF CALIFORNIA**
17                                            )         **CORP. CODE § 25401;**
                Defendants.                   )   **(5)   NEGLIGENT**
18                                            )         **MISREPRESENTATION;**
                                              )   **(6)   VIOLATION OF BUSINESS &**
19                                            )         **PROFESSIONS CODE § 17200 ET**
                                              )         **SEQ.;**
20                                            )   **(7)   BREACH OF FIDUCIARY DUTY;**
                                              )
21                                            )
                                              )   **DEMAND FOR JURY TRIAL**
22                                            )
23
24
25
26
                                        CASE MANAGEMENT CONFERENCE
27                                      AUG 0 1 2017    8:30 AM
28
                                        LISA HART COLE    Date  Dept- O
              _____
                              COMPLAINT

1    Plaintiff Freedom Magnet, LLC ("Freedom Magnet" or "Plaintiff") hereby alleges as
2    follows:

3                          **SUMMARY OF THE ACTION**

4          1.     By this action, Plaintiff seeks to recover its investment in Defendant Performance
5    Health Systems, LLC ("PHS").  PHS, by and through its chief executive officer, Defendant Lee S.
6    Hillman ("Hillman") induced Plaintiff to invest in PHS by (1) misrepresenting the projected growth
7    in sales, revenues and the distribution system and prospects of PHS products, and (2) concealing
8    material information regarding the prior Securities and Exchange Commission investigation and
9    lawsuit against Hillman and the former business which he operated.  As a result of the intentional
10   concealment of material information and misrepresentation of facts regarding the projected financial
11   performance and growth of PHS, Plaintiff invested $600,000 in PHS in exchange for a membership
12   interest in the company.

13         2.     After learning that PHS and its directors had concealed from investors – including
14   Plaintiff – the fact that Hillman's former company had previously been charged by the SEC with
15   significant violations and wrongful conduct, while he was the CEO of that company, including
16   engaging in fraudulent accounting practices, combined with the misrepresentation of material facts
17   regarding the performance of PHS, Plaintiff sought the repayment of its $600,000 invested in PHS.
18   In a good faith effort to resolve the claim for repayment of its investment without the necessity of
19   litigation, Plaintiff made repeated demands for the repayment of its investment over the course of
20   several months.  Despite those efforts by Plaintiff, PHS refused to repay Plaintiff's $600,000
21   investment, thereby necessitating the instant action.

22                               **THE PARTIES**

23         3.     Plaintiff Freedom Magnet is a South Dakota limited liability company with its
24   principal place of business in the County of San Diego, State of California, and conducting business
25   in the County of Los Angeles, State of California.

26         4.     Plaintiff is informed and believes and based thereon alleges that defendant
27   Performance Health Systems, LLC f/k/a PPI Acquisitions, LLC is Delaware limited liability
28   company that has an office in Los Angeles, California, and which is, and at times relevant hereto

                                      1
                              <u>COMPLAINT</u>

was, conducting business within the County of Los Angeles, State of California, including soliciting investors in PHS located in the State of California.  PHS is authorized to do business in the State of California according to the California Secretary of State's website.

5.      Plaintiff is informed and believes and based thereon alleges that defendant Lee S. Hillman is an individual whose place of residence is unknown, and who is at all times relevant hereto was conducting business within the County of Los Angeles, State of California, including soliciting investors in PHS located in the State of California.

6.      Plaintiff is presently unaware of the true names and capacities of the Defendants sued herein as Does 1 through 20, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when the same have been ascertained.   Plaintiff is informed and believes and based thereon alleges that each of the fictitiously-named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that the damages about which Plaintiff complains were proximately caused by their conduct.    Hereinafter, all defendants (including the Doe defendants) will sometimes be referred to collectively as "Defendants."

7.      Plaintiff is informed and believes and based thereon alleges that at all relevant times each Defendant was and is the agent, employee, partner, joint venture, co-conspirator, owner, principal and employer of each of the remaining Defendants and at all times herein mentioned was acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.  Plaintiff  is further informed and believes, and based thereon alleges, that the acts and conduct of each Defendant alleged herein were known to, and authorized or ratified by, the officers, directors and managing agents of each other Defendant.

8.      Plaintiff is informed and believes and thereupon alleges that at all relevant times, Defendants acted in concert, conspired and agreed among themselves to commit the wrongful acts and practices alleged in this Complaint, and that such wrongful acts and practices were committed pursuant to and in furtherance of such conspiracy and agreement, and with the consent and approval of each of the Defendants. Plaintiff is informed and believes, and thereupon alleges, that each of the

COMPLAINT

1 | Defendants are liable as a direct participant, co-conspirator and/or aider and abettor of the wrongful

2 | acts and practices alleged herein.

3 | **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4 | A.    **Background -- John Jaquish Founds Performance Health Systems.**

5 |      9.    Plaintiff is informed and believes and based thereon alleges that John Jaquish, Ph.D.

6 | ("Jaquish") is a doctor of biomedical engineering who pioneered the development of biotechnology

7 | devices focused on osteogenic loading, a particular type of exercise using low-repetition, high-

8 | impact loading to promote bone density growth.

9 |      10.    Plaintiff is informed and believes and based thereon alleges that, in or around 2003,

10 | Jaquish founded Performance Health Systems LLC, a California limited liability company, for the

11 | purpose of developing, manufacturing and marketing his device, which would be called the

12 | bioDensity ("bD") system.   Between approximately 2003 and 2008, Jaquish worked to conduct

13 | research and clinical trials on his device.   According to Jaquish, treatment with bD resulted in over

14 | 10% gains in bone density in the spine and hip over one year of once-weekly treatments.   Thereafter,

15 | Jaquish and his father, Paul Jaquish, set out to build PHS and promote/market bD.

16 |      11.    According to the company's website, the bD system is a high-end piece of exercise

17 | equipment and software that "safely aids in increasing bone density by stimulating the body's natural

18 | bone generation process."   Using existing science, bD "applies optimal biomechanics for the self-

19 | compression of bone, stimulating adaptations of density in bone, tendons, and ligaments."   The goal

20 | of the bD system is to increase bone density for those at risk and suffering from osteoporosis, and

21 | other bone density related disorders.

22 | B.    **Lee S. Hillman, Former CEO of Bally Total Fitness, Is Brought On as CEO of PHS.**

23 |      12.    Plaintiff is informed and believes and based thereon alleges that in or around January

24 | 2009, Hillman was brought on by Jaquish as a board member and CEO of PHS.   Hillman is the

25 | former CEO of Bally Total Fitness Holding Corp. ("Bally") and former chairman of its board of

26 | directors.   Plaintiff is informed and believes and based thereon alleges that in May 2004, Hillman

27 | was named as a defendant in a securities class action against Bally, along with another future PHS

28 | board member, John W. Dwyer ("Dwyer").   Plaintiff is informed and believe and based thereon

alleges that, in or around April 2004, the SEC announced that it was investigating Bally's accounting practices relating to numerous accounting improprieties, including for the periods when Hillman served as the CEO of Bally.  As a result of its investigation, the SEC ultimately filed a complaint against Bally in 2008 alleging that Bally – while Hillman served as its CEO – made false and misleading statements regarding its financial condition in its publicly filed financial statements from 1997-2003. The statements were a result of the company employing accounting methods that were not in conformity with generally accepted accounting principles, and in some instances were fraudulent.  Bally's restatement of its financials revealed that there were more than two dozen different accounting improprieties that materially affected Bally's financial statements during the relevant time period.  Among other claims, the SEC alleged that in 2001 – during Hillman's tenure as CEO of Bally – Bally overstated its original reported stockholder equity by approximately $1.8 billion (over $340%), and that Bally understated its 2003 net loss by approximately $91 million (roughly 845%).  It was further reported that, subsequently, the SEC settled the charges against Bally's former chief financial officer, Dwyer, whereby Dwyer agreed to pay a fine of $250,000 and was permanently barred from serving as an officer or director of a public company.  Plaintiff is further informed and believes and based thereon alleges that, in February 2005, the U.S. Justice Department also commenced a criminal investigation of Bally's accounting practices.   In addition, Bally's own audit committee found that Hillman and Dwyer were responsible for multiple accounting errors, thereby ceasing severance payments to both individuals.  As a result of those investigations, Bally subsequently restated its financial statements for the period 1997 through 2003, when Hillman was the CEO of Bally.  Notwithstanding the serious charges made against Dwyer concerning the financial fraud allegedly engaged in during Hillman's operation of Bally, Hillman nonetheless retained Dwyer as the CFO of PHS.

13.     Bally filed for bankruptcy in or around August of 2007 after a decade-long, greater-than-99% decline in its stock price.  After emerging from bankruptcy later in 2007, it again filed for bankruptcy in or around December of 2008.

14.     Notwithstanding the aforesaid facts and significant charges made by the SEC against Bally, during Hillman and Dwyer's tenures as executives at the company, neither Hillman nor

1   anyone else on behalf of PHS disclosed to Plaintiff any of the facts regarding Hillman and Dwyer's

2   former affiliation with Bally or that the SEC had filed charges against Bally and Dwyer, or the

3   purported fraudulent accounting practices and mismanagement that was engaged in during their

4   tenure at Bally, or that, as a result of the fraudulent accounting practices, Bally filed for bankruptcy.

5        15.    This material information would be extremely important to Freedom Magnet as a

6   potential investor in PHS for obvious reasons. Unfortunately, it appears that some of the same or

7   similar fraudulent reporting and accounting practices Hillman and Dwyer were accused of during

8   their tenure with Bally have been carried over to their operation and management of PHS.

9        16.    Had Hillman, or anyone at PHS, disclosed to Freedom Magnet the facts and

10   allegations made against Hillman and Bally – only a few years before Hillman became the CEO of

11   PHS – Freedom Magnet would never have agreed to invest in PHS.

12 **C.**   **PHS and Hillman Make Fraudulent Representations to Induce Freedom Magnet to**

13       **Invest in PHS.**

14        17.    In order to induce Freedom Magnet to invest in PHS, Hillman, individually and on

15   behalf of PHS, represented, among other things, to Freedom Magnet and its representatives that:

16   (i) PHS had exclusive proprietary rights in and to the platform, software and design of its products;

17   (ii) in order to protect PHS's proprietary rights, Jaquish, the principal inventor of the platform,

18   software, and design of the products, was subject to a non-compete agreement and would not form or

19   participate in any competing business; (iii) PHS projected 90% gross margins from PHS's subscriber

20   base; (iv) PHS projected significant increases in the sales of its products and corresponding revenue

21   stream; and (v) PHS expected to establish distributors of its products in over 50 countries.

22        18.    Those representations were demonstratively false when made and intended to mislead

23   Freedom Magnet, and other potential investors.

24        19.    In reliance on the foregoing fraudulent concealment of material facts and the separate

25   affirmative fraudulent representations made by, among others, Hillman individually and on behalf of

26   PHS, commencing in August 2011, Freedom Magnet invested a total of $600,000 in PHS, and

27   currently owns 8,298 membership units in PHS.

28

COMPLAINT

20.     As recent financial statements of PHS evidence, PHS has generated minimal sales/revenues, and it is questionable whether PHS has any foreign distributors of its product. Indeed, based on the PHS's tax returns, PHS has operated at a net loss in each of the preceding three years.   Further, incredibly, notwithstanding the abysmal sales by PHS and declining revenues generated during the aforesaid period, it appears that during this same period PHS paid salaries and wages in excess of $4.5 million.   It is obvious that PHS is operated as little more than a conduit to pay out investors' funds to PHS employees and directors, including Hillman himself, with no benefit whatsoever to Freedom Magnet.

**D.     Hillman Improperly Runs the Purported Business Expenses of PHS Through a Separate Company, Solely Owned and Operated by Hillman.**

21.     The financial records and corporate structure of PHS indicate a fraudulent business operation.   Defendants concealed the fact that PHS runs its business expenses on a credit account in the name of a separate entity known as Liberation Advisory Group, LLC ("LAG"), which, based on information and belief, is a separate company wholly owned by Hillman.   Such unorthodox and undisclosed credit arrangement is highly suspect and creates an inherent conflict of interest between PHS and its CEO, Hillman.

22.     Further, PHS charging its business expenses through the credit account of a separate company wholly owned by Hillman evidences serious mismanagement by Hillman and the other officers of PHS and a breach of the officers' duties of loyalty to PHS and of disclosure to the investors of PHS.   Indeed, given the minimal sales and revenues reported by PHS during the past three years, it is highly questionable whether PHS should or could legitimately incur even a fraction of the purported business expenses charged back to it on the LAG credit card.   It appears more likely that PHS is being used to pay some portion of the overhead and operating expenses of LAG and/or personal expenses of Hillman and others.

23.     PHS, Hillman, and the other board members of PHS, fraudulently concealed from Freedom Magnet that PHS was running its business expenses through a separate company wholly owned by Hillman.

6

**FIRST CAUSE OF ACTION**

**(For Fraudulent Inducement Against All Defendants)**

24. Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 23, inclusive, of this Complaint as if fully set forth herein.

25. Prior to Plaintiff investing in PHS, Hillman, individually and on behalf of PHS, falsely represented to Plaintiff, among other misrepresentations, that: (i) PHS had exclusive proprietary rights in and to the platform, software and design of its products; (ii) that Jaquish, the principal inventor of the platform, software, and design of the products, was subject to a non-compete agreement and would not form or participate in any competing business with PHS; (iii) PHS predicted 90% gross margins from PHS's subscriber base; (iv) PHS projected significant increases in the sales of its products; and (v) PHS intended to significantly expand its distribution network, and expected to shortly have distributors of its product in over 50 countries.

26. The foregoing representations made by and on behalf of Defendants were false, or made recklessly and without regard for the truth. Specifically, Plaintiff is informed and believes and based thereon alleges that at the time Defendants made the foregoing representations, Hillman and PHS knew that they were false, but made the foregoing representations with the intention of inducing Plaintiff (and other investors) to invest in PHS so that Defendants could gain access to Plaintiff's capital for their own benefit. Plaintiff did in fact reasonably and justifiably rely on the aforesaid representations to its detriment by investing $600,000 in PHS on the aforesaid representations of Defendants.

27. Furthermore, as the parties entrusted with the use of the substantial monies contributed by Plaintiff toward development and exploitation of PHS products, Defendants had a duty to, among other things, disclose to Plaintiff all material facts concerning the use of that money, and to refrain from any conduct, misrepresentation, concealment, breach of contract or duty, threat or adverse pressure of any kind in connection with such use. Nevertheless, Defendants appear to have misappropriated and used, in whole or in part, the monies invested by Plaintiff in PHS for purposes unrelated to the business and operation of PHS.

COMPLAINT

28.     The above acts were done with the knowledge, approval and ratification of each Defendant.  Defendants each aided and abetted in the fraudulent representations because they were aware of and substantially assisted Hillman in carrying out the scheme.  The other officers and managing members of PHS were aware of the aforesaid fraudulent representations made to Freedom Magnet and other investors and did nothing to protect Plaintiff from the wrongful conduct.  Plaintiff is informed and believes that each of the Defendants directly participated in the fraud, knowingly benefitted from Plaintiff's investment in PHS, and/or ratified the fraudulent conduct.  The Defendants are therefore each jointly and severally liable for the alleged conduct.

29.     As a direct and proximate result of the aforesaid fraudulent conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but believed to be in excess of $600,000.  When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously, oppressively and despicably with the full knowledge of the adverse effect of their actions on Plaintiff, and with willful and deliberate disregard of the consequences to Plaintiff such as to constitute oppression, fraud or malice.  By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount appropriate to punish or set an example of Defendants and to deter Defendants from engaging in such conduct in the future.

## SECOND CAUSE OF ACTION

### (Fraudulent Concealment Against All Defendants)

31.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, inclusive, of this Complaint as if fully set forth herein.

32.     As alleged hereinabove, Hillman, individually and on behalf of PHS, intentionally withheld and failed to disclose significant material information of and concerning the business operations of PHS, including: (i) his former affiliation with Bally – which filed for bankruptcy as a result of alleged fraudulent accounting practices and mismanagement – or that he was named as a defendant in a securities class action for alleged fraudulent accounting practices and

8

1  mismanagement; (ii) the fact that the projected gross margins, sales estimates, and increase in

2  distributor network were all baseless and wildly inflated; (iii) the fact that PHS had no enforceable

3  non-competition agreement with its founder, Jaquish, and that Jaquish was free to engage in

4  competitive businesses which could substantially undermine the business and potential profitability

5  of PHS; and (iv) that Hillman was charging purported business expenses of PHS on a credit line in

6  the name of another business wholly owned by Hillman.  Alternatively, Hillman, individually, and

7  on behalf of PHS, disclosed to Plaintiff certain facts relating to the projected gross margins, sales

8  estimates, and increase in distributor network, while intentionally failing to disclose other facts

9  thereby making the disclosure of those facts deceptive.

10      33.    Defendants withheld and failed to disclose these material facts to Plaintiff, all of

11  which were unknown to Plaintiff, with the intent to induce Plaintiff to invest in PHS.

12      34.    Defendants were aware of the material information relating to Hillman's involvement

13  with Bally, the misleading and inaccurate sales and revenue projections, that no non-competition

14  agreement exists with Jaquish, and Hillman's use of a line of credit in another company wholly

15  owned by Hillman for alleged PHS business expenses, and knew that Plaintiff was unlikely to

16  discover and did not have the reasonable means to discover that information.  Defendants'

17  concealment of the aforesaid facts and information was intended to deceive Plaintiff and induce

18  Plaintiff to invest in PHS.  Under the circumstances, including Hillman's position as a corporate

19  officer of PHS, Defendants were under a duty to disclose these material facts to Plaintiff.  However,

20  they failed to do so.

21      35.    Plaintiff was unaware of the true material facts that were concealed by Defendants as

22  alleged herein.  Had Plaintiff known such facts, it would not have invested in PHS and paid

23  $600,000 for the membership units in PHS.

24      36.    The above acts were done with the knowledge, approval and ratification of each

25  Defendant.   Defendants each aided and abetted in the fraudulent concealment of material

26  information pertaining to PHS because they were aware of and substantially assisted Hillman in

27  carrying out the scheme.  The other officers and managing members of PHS were aware of the

28  aforesaid fraudulent representations made to Freedom Magnet and other investors and did nothing to

1    protect Plaintiff from the wrongful conduct.  Plaintiff is informed and believes that each of the

2    Defendants directly participated in the fraud, knowingly benefitted from Plaintiff's investment in

3    PHS, and/or ratified the fraudulent conduct.  The Defendants are therefore each jointly and severally

4    liable for the alleged conduct.

5            37.     As a direct and proximate result of the fraudulent concealment of material facts by

6    Defendants, and providing Plaintiff with false and misleading half-truths, Plaintiff has suffered and

7    continues to suffer damages in an amount to be proven at trial, but believed to be in excess of

8    $600,000.  When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court

9    to amend this Complaint accordingly.

10           38.     Plaintiff is informed and believes and based thereon alleges that Defendants, in doing

11   the things herein alleged, acted willfully, maliciously, oppressively and despicably with the full

12   knowledge of the adverse effect of their actions on Plaintiff, and with willful and deliberate

13   disregard of the consequences to Plaintiff such as to constitute oppression, fraud or malice.  By

14   reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in

15   an amount appropriate to punish or set an example of Defendants and to deter Defendants from

16   engaging in such conduct in the future.

## THIRD CAUSE OF ACTION

### (For Securities Fraud in Violation of § 10(B) and Rule 10b-5 of

### the Securities Exchange Act of 1934 Against All Defendants)

20           39.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation

21   contained in Paragraphs 1 through 38, inclusive, of this Complaint as if fully set forth herein.

22           40.     Defendants, and each of them, by engaging in the conduct described hereinabove,

23   directly or indirectly, in connection with the purchase or sale of a security (in PHS), by the use of

24   means or instrumentalities of interstate commerce, of the mails or of the facilities of a national

25   securities exchange, with scienter: (i) employed devises, schemes, or artifices to defraud Plaintiff;

26   (ii) made untrue statements of material fact or omitted to state a material fact necessary in order to

27   make statements made, in the light of circumstances under which they were made, not misleading; or

28

1    (iii) engaged in acts, practices, or courses of business which operated or would operate as a fraud or

2    deceit upon other persons.

3         41.    Specifically, as stated above, Defendants solicited Plaintiff to invest in PHS and

4    offered and sold security interests in PHS to investors, including Plaintiff.  Defendants solicited

5    Plaintiff and offered and sold the security interests in PHS to Plaintiff by mailings, electronic mail,

6    telephone calls, electronic wire transfers, and through interstate communications.

7         42.    Defendants committed the foregoing acts, including (i) setting up a systematic

8    scheme of investment opportunities in PHS, (ii) making material representations pertaining to and to

9    solicit investments in PHS, and (iii) omitting material facts with respect to the investment

10   opportunities in PHS, with the net result of defrauding or deceiving Plaintiff into investing cash in

11   PHS which Defendants misused and/or misappropriated.

12        43.    Defendants engaged in the aforesaid conduct intentionally or recklessly, in breach of

13   contracts, fiduciary duties, and applicable statutes and common laws, all to Plaintiff's detriment.

14   Had Plaintiff known of the Defendants' true intent, premeditated scheme, and material

15   misrepresentations and omissions as alleged herein, Plaintiff would not have purchased any security

16   interest in PHS.

17        44.    By engaging in the conduct described above, Defendants, and each of them, directly

18   or indirectly, violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5

19   thereunder [17 C.F.R. § 240.10b-5].

20        45.    As a direct and proximate result of Defendants' conduct as described above, Plaintiff

21   has suffered and continues to suffer damages in an amount to be proven at trial, but believed to be in

22   excess of $600,000.  When Plaintiff has ascertained the full amount of its damages, it will seek leave

23   of Court to amend this Complaint accordingly.

24                              **FOURTH CAUSE OF ACTION**

25        **(For Violation of California Corporations Code § 25401 Against All Defendants)**

26        46.    Plaintiff realleges, adopts and incorporates by reference, each and every allegation

27   contained in Paragraphs 1 through 45, inclusive, of this Complaint as if fully set forth herein

28

1      47.    Plaintiff is informed and believes and based thereon alleges that Defendants offered

2 to sell and sold the membership interest units in PHS by means of written and oral communications

3 which included untrue statements of material facts.  In order to induce Plaintiff to invest $600,000 to

4 purchase membership interests in PHS, Defendant Hillman, individually and on behalf of PHS,

5 falsely represented to Plaintiff that: (i) PHS had exclusive proprietary rights in and to the platform,

6 software and design of its products; (ii) that Jaquish, the principal inventor of the platform, software,

7 and design of the products, was subject to a non-compete agreement and would not form or

8 participate in any competing business with PHS; (iii) PHS predicted 90% gross margins from PHS's

9 subscriber base; (iv) PHS projected significant increases in the sales of its products; and (v) PHS

10 intended to significantly expand its distribution network, and expected to shortly have distributors of

11 its product in over 50 countries.

12      48.    Plaintiff is informed and believes and based thereon alleges that Defendants knew at

13 the time they made the above-described representations, that they were false when made.  After

14 Plaintiff discovered that these representations were fraudulent it demanded a return of its $600,000

15 investment in PHS.  Notwithstanding those demands, Defendants have failed and refused to repay

16 Plaintiff its investment in PHS.

17      49.    Plaintiff would never have invested in PHS absent the aforesaid false representations,

18 amongst others, and Defendants' fraudulent concealment of material facts.  Defendants' conduct as

19 described above was in violation of California Corporations Code Section 25401.

20      50.    As a direct and proximate result of the aforesaid fraudulent representations and

21 fraudulent concealment of material facts by Defendants, Plaintiff has suffered and continues to suffer

22 damages in an amount to be proven at trial, but believed to be in excess of $600,000.  When Plaintiff

23 has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint

24 accordingly.

25                     **FIFTH CAUSE OF ACTION**

26            **(For Negligent Misrepresentation Against All Defendants)**

27      51.    Plaintiff realleges, adopts and incorporates by reference, each and every allegation

28 contained in Paragraphs 1 through 50, inclusive, of this Complaint as if fully set forth herein.

52. Plaintiff is informed and believes and based thereon alleges that if Defendants, and each of them, did not intentionally make the misrepresentations alleged hereinabove, Defendants negligently and carelessly made the misrepresentations to Plaintiff.

53. Plaintiff is informed and believes and based thereon alleges that the above misrepresentations were made by Defendants, and each of them, without any reasonable ground for believing them to be true.

54. Plaintiff is informed and believes and based thereon alleges that each of the above representations were made by Defendants, and each of them, with an intent to induce Plaintiff to rely thereon. At the time or times Defendants made the aforesaid misrepresentations, Plaintiff was ignorant of the falsity of Defendants' representations and reasonably and justifiably believed them to be true. In reliance on Defendants' representations, Plaintiff was induced to invest $600,000 in PHS.

55. As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but believed to be in excess of $600,000. When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

### SIXTH CAUSE OF ACTION

**(For Violation of California Business & Professions Code §§ 17200, *et. seq.***

**Against All Defendants)**

56. Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 55, inclusive, of this Complaint as if fully set forth herein.

57. As alleged hereinabove, Defendants have engaged in unlawful, fraudulent and/or unfair business practices and have utilized certain improper, fraudulent and/or unlawful means to unjustly enrich themselves, and to cause deliberate injury to Plaintiff, by, among other things, the conduct set forth in Paragraphs 12 through 23 above.

58. California Business and Professions Code §§ 17200, *et seq.* provides a private right of action to remedy "any unlawful, unfair or fraudulent business act or practice . . . ." By engaging in the acts and omissions described hereinabove, Defendants have committed unlawful, fraudulent or unfair business practices in violation of California Business and Professions Code §§ 17200, *et seq.*

13

1       59.    As a direct and proximate result of Defendants' violations of California Business and

2  Professions Code §§ 17200, *et seq*., as described herein, Plaintiff is entitled to restitution in an

3  amount not less than $600,000.

**SEVENTH CAUSE OF ACTION**

**(For Breach of Fiduciary Duty Against Hillman)**

6       60.    Plaintiff realleges, adopts and incorporates by reference, each and every allegation

7  contained in Paragraphs 1 through 59, inclusive, of this Complaint as if fully set forth herein.

8       61.    As the Chief Executive Office of PHS, Hillman has fiduciary duties of care and

9  loyalty to the investors and members of PHS. Hillman's duty of loyalty requires him to protect the

10  interests of PHS and its investors and to refrain from conduct with would injure PHS or deprive it of

11  profit or advantage. It also requires that he eschew any conflict between this duty and his own self-

12  interest.

13      62.    As set forth above, Hillman breached these duties by among other things: (i) running

14  the alleged business expenses of PHS through the credit card of his own wholly owned and operated

15  company; (ii) charging non-business related expenses to PHS; (iii) paying out officer salaries

16  (including to himself) and expenses far in excess of any revenue generated by the company; (iv)

17  failing to disclose material sales and distribution information to the investors and members of PHS;

18  and (v) using the funds of PHS to enrich himself at the expense of the members of PHS and

19  specifically, Plaintiff.

20      63.    As a direct and proximate result of Defendants' wrongful conduct as alleged herein,

21  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but believed

22  to be in excess of $600,000. When Plaintiff has ascertained the full amount of its damages, it will

23  seek leave of Court to amend this Complaint accordingly.

24      64.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, in

25  doing the things herein alleged, acted willfully, maliciously, oppressively and despicably with the

26  full knowledge of the adverse effect of their actions on Plaintiff, and with willful and deliberate

27  disregard of the consequences to Plaintiff such as to constitute oppression, fraud or malice. By

28  reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in

14

COMPLAINT

1  an amount appropriate to punish or set an example of Defendants and to deter Defendants from

2  engaging in such conduct in the future.

3  **PRAYER FOR RELIEF**

4      **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

5  follows:

6  **AS TO THE FIRST CAUSE OF ACTION:**

7      1.    For general and special damages in an amount not less than Six Hundred Thousand

8            Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

9            the legal rate;

10     2.    For punitive or exemplary damages as provided by law;

11 **AS TO THE SECOND CAUSE OF ACTION:**

12     3.    For general and special damages in an amount not less than Six Hundred Thousand

13           Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

14           the legal rate;

15     4.    For punitive or exemplary damages as provided by law;

16 **AS TO THE THIRD CAUSE OF ACTION:**

17     5.    For general and special damages in an amount not less than Six Hundred Thousand

18           Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

19           the legal rate;

20 **AS TO THE FOURTH CAUSE OF ACTION:**

21     6.    For general and special damages in an amount not less than Six Hundred Thousand

22           Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

23           the legal rate;

24 **AS TO THE FIFTH CAUSE OF ACTION:**

25     7.    For general and special damages in an amount not less than Six Hundred Thousand

26           Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

27           the legal rate;

28

15

**AS TO THE SIXTH CAUSE OF ACTION:**

8.    For restitution in an amount not less than Six Hundred Thousand Dollars ($600,000), in accordance with proof at trial, together with interest thereon at the legal rate;

**AS TO THE SEVENTH CAUSE OF ACTION:**

9.    For general and special damages in an amount not less than Six Hundred Thousand Dollars ($600,000), in accordance with proof at trial, together with interest thereon at the legal rate;

10.    For punitive or exemplary damages as provided by law;

**AS TO ALL CAUSES OF ACTION:**

11.    For all costs of suit;

12.    For attorneys' fees and costs as may be provided by law;

13.    For pre-judgment interest at the maximum legal rate;

14.    For post-judgment interest at the maximum legal rate; and

15.    For such other and further relief as deemed just and proper.

Dated: March 30, 2017

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
ZEV F. RABEN

By: _____
    BRIAN G. WOLF
Attorneys for Plaintiff
FREEDOM MAGNET, LLC

16

COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Please take notice that Plaintiff Freedom Magnet, LLC demands a trial by jury.

3

4    Dated:  March 30, 2017

LAVELY & SINGER
5                                                      PROFESSIONAL CORPORATION
BRIAN G. WOLF
6    ZEV F. RABEN

7    By: _____
BRIAN G. WOLF
8    Attorneys for Plaintiff
FREEDOM MAGNET, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FREEDOM MAGNET, LLC, a South Dakota limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| PERFORMANCE HEALTH SYSTEMS, LLC, a Delaware limited liability company, LEE S. HILLMAN, an individual, and DOES 1 through 20, inclusive, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

<u>**AFFIDAVIT OF LEE HILLMAN**</u>

I, Lee Hillman, having been duly sworn on oath, state as follows:

1. I have personal knowledge of the facts set out below. I state that I would testify to these facts in substantially the same way if called to do so.

2. I am the Chief Executive Officer of Performance Health Systems, LLC, which is a Delaware limited liability company with its principal place of business located at 401 Huehl Road, Suite 2A in Northbrook, Illinois 60062.

3. Performance Health Systems, LLC received a copy of the Complaint filed in this matter via hand delivery at its office located in Lake Forest, California on April 7, 2017.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Lee Hillman
Chief Executive Officer
Performance Health Systems, LLC

Subscribed and sworn to before me on
this _5_ day of _MAY_ , 2017.


_____
Notary Public
My Commission Expires:

OFFICIAL SEAL
MARY V LEHNER
Notary Public - State of Illinois
My Commission Expires December 11, 2017

# EXHIBIT C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PERFORMANCE HEALTH SYSTEMS, LLC, a Delaware limited liability company;
LEE S. HILLMAN, an individual; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FREEDOM MAGNET, LLC, a South Dakota limited liability company

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 03 2017

Sherri R. Carter, Executive Officer/Clerk

By: Stacey Watson, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es:)* Superior Court of California, County of Los Angeles 1725 Main Street Santa Monica, California 90401 | CASE NUMBER *(Número del Caso):* **SC127323** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAVELY & SINGER PROF. CORP.   (310) 556-3501
2049 CENTURY PARK EAST, SUITE 2400, LOS ANGELES, CA 90067

DATE: **APR 03 2017**   **Sherri R. Carter, Clerk**   Clerk, by **STACEY WATSON** , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* Performance Health Systems, LLC, a Delaware limited liability company
3. ☒ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

1  BRIAN G. WOLF (BAR NO. 135257)
   ZEV F. RABEN (BAR NO. 297406)
2  LAVELY & SINGER
   PROFESSIONAL CORPORATION
3  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
4  Telephone: (310) 556-3501
   Facsimile: (310) 556-3615
5  Emails:  bwolf@lavelysinger.com
           zraben@lavelysinger.com
6
   Attorneys for Plaintiff
7  FREEDOM MAGNET, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 03 2017

Sherri R. Carter, Executive Officer/Clerk
By: Stacey Watson, Deputy

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF LOS ANGELES

11  FREEDOM MAGNET, LLC, a South Dakota          CASE NO.  SC127323
    limited liability company,
12                                               COMPLAINT FOR:
                    Plaintiff,
13                                               (1)  FRAUDULENT INDUCEMENT;
         v.                                      (2)  FRAUDULENT CONCEALMENT;
14                                               (3)  SECURITIES FRAUD IN
    PERFORMANCE HEALTH SYSTEMS,                        VIOLATION OF § 10(b) AND RULE
15  LLC, a Delaware limited liability company;        10b-5 OF THE SECURITIES
    LEE S. HILLMAN, an individual; and                EXCHANGE ACT OF 1934;
16  DOES 1 through 20, inclusive,                (4)  SECURITIES FRAUD IN
                                                      VIOLATION OF CALIFORNIA
17                  Defendants.                        CORP. CODE § 25401;
                                                 (5)  NEGLIGENT
18                                                    MISREPRESENTATION;
                                                 (6)  VIOLATION OF BUSINESS &
19                                                    PROFESSIONS CODE § 17200 *ET*
                                                      *SEQ.*;
20                                               (7)  BREACH OF FIDUCIARY DUTY;
21
22                                               DEMAND FOR JURY TRIAL
23
24
25
26
27                                          CASE MANAGEMENT CONFERENCE
                                            AUG 01 2017      8:30 AM
28
                                            LISA HART COLE      Date  Dept. 0

                              COMPLAINT

1      Plaintiff Freedom Magnet, LLC ("Freedom Magnet" or "Plaintiff") hereby alleges as

2      follows:

3      **SUMMARY OF THE ACTION**

4      1.      By this action, Plaintiff seeks to recover its investment in Defendant Performance

5      Health Systems, LLC ("PHS").  PHS, by and through its chief executive officer, Defendant Lee S.

6      Hillman ("Hillman") induced Plaintiff to invest in PHS by (1) misrepresenting the projected growth

7      in sales, revenues and the distribution system and prospects of PHS products, and (2) concealing

8      material information regarding the prior Securities and Exchange Commission investigation and

9      lawsuit against Hillman and the former business which he operated.  As a result of the intentional

10      concealment of material information and misrepresentation of facts regarding the projected financial

11      performance and growth of PHS, Plaintiff invested $600,000 in PHS in exchange for a membership

12      interest in the company.

13      2.      After learning that PHS and its directors had concealed from investors – including

14      Plaintiff – the fact that Hillman's former company had previously been charged by the SEC with

15      significant violations and wrongful conduct, while he was the CEO of that company, including

16      engaging in fraudulent accounting practices, combined with the misrepresentation of material facts

17      regarding the performance of PHS, Plaintiff sought the repayment of its $600,000 invested in PHS.

18      In a good faith effort to resolve the claim for repayment of its investment without the necessity of

19      litigation, Plaintiff made repeated demands for the repayment of its investment over the course of

20      several months.  Despite those efforts by Plaintiff, PHS refused to repay Plaintiff's $600,000

21      investment, thereby necessitating the instant action.

22      **THE PARTIES**

23      3.      Plaintiff Freedom Magnet is a South Dakota limited liability company with its

24      principal place of business in the County of San Diego, State of California, and conducting business

25      in the County of Los Angeles, State of California.

26      4.      Plaintiff is informed and believes and based thereon alleges that defendant

27      Performance Health Systems, LLC f/k/a PPI Acquisitions, LLC is Delaware limited liability

28      company that has an office in Los Angeles, California, and which is, and at times relevant hereto

1

1  was, conducting business within the County of Los Angeles, State of California, including soliciting

2  investors in PHS located in the State of California.  PHS is authorized to do business in the State of

3  California according to the California Secretary of State's website.

4       5.     Plaintiff is informed and believes and based thereon alleges that defendant Lee S.

5  Hillman is an individual whose place of residence is unknown, and who is at all times relevant

6  hereto was conducting business within the County of Los Angeles, State of California, including

7  soliciting investors in PHS located in the State of California.

8       6.     Plaintiff is presently unaware of the true names and capacities of the Defendants sued

9  herein as Does 1 through 20, inclusive, and therefore sues said Defendants by such fictitious names.

10  Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named

11  defendants when the same have been ascertained.  Plaintiff is informed and believes and based

12  thereon alleges that each of the fictitiously-named defendants is responsible in some manner for the

13  occurrences, acts and omissions alleged herein and that the damages about which Plaintiff complains

14  were proximately caused by their conduct.  Hereinafter, all defendants (including the Doe

15  defendants) will sometimes be referred to collectively as "Defendants."

16       7.     Plaintiff is informed and believes and based thereon alleges that at all relevant times

17  each Defendant was and is the agent, employee, partner, joint venture, co-conspirator, owner,

18  principal and employer of each of the remaining Defendants and at all times herein mentioned was

19  acting within the course and scope of that agency, employment, partnership, conspiracy, ownership

20  or joint venture.  Plaintiff is further informed and believes, and based thereon alleges, that the acts

21  and conduct of each Defendant alleged herein were known to, and authorized or ratified by, the

22  officers, directors and managing agents of each other Defendant.

23       8.     Plaintiff is informed and believes and thereupon alleges that at all relevant times,

24  Defendants acted in concert, conspired and agreed among themselves to commit the wrongful acts

25  and practices alleged in this Complaint, and that such wrongful acts and practices were committed

26  pursuant to and in furtherance of such conspiracy and agreement, and with the consent and approval

27  of each of the Defendants. Plaintiff is informed and believes, and thereupon alleges, that each of the

28

2

COMPLAINT

1  Defendants are liable as a direct participant, co-conspirator and/or aider and abettor of the wrongful

2  acts and practices alleged herein.

3  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4  **A.**    **Background -- John Jaquish Founds Performance Health Systems.**

5          9.      Plaintiff is informed and believes and based thereon alleges that John Jaquish, Ph.D.

6  ("Jaquish") is a doctor of biomedical engineering who pioneered the development of biotechnology

7  devices focused on osteogenic loading, a particular type of exercise using low-repetition, high-

8  impact loading to promote bone density growth.

9          10.     Plaintiff is informed and believes and based thereon alleges that, in or around 2003,

10  Jaquish founded Performance Health Systems LLC, a California limited liability company, for the

11  purpose of developing, manufacturing and marketing his device, which would be called the

12  bioDensity ("bD") system.   Between approximately 2003 and 2008, Jaquish worked to conduct

13  research and clinical trials on his device.   According to Jaquish, treatment with bD resulted in over

14  10% gains in bone density in the spine and hip over one year of once-weekly treatments.   Thereafter,

15  Jaquish and his father, Paul Jaquish, set out to build PHS and promote/market bD.

16          11.     According to the company's website, the bD system is a high-end piece of exercise

17  equipment and software that "safely aids in increasing bone density by stimulating the body's natural

18  bone generation process."   Using existing science, bD "applies optimal biomechanics for the self-

19  compression of bone, stimulating adaptations of density in bone, tendons, and ligaments."   The goal

20  of the bD system is to increase bone density for those at risk and suffering from osteoporosis, and

21  other bone density related disorders.

22  **B.**    **Lee S. Hillman, Former CEO of Bally Total Fitness, Is Brought On as CEO of PHS.**

23          12.     Plaintiff is informed and believes and based thereon alleges that in or around January

24  2009, Hillman was brought on by Jaquish as a board member and CEO of PHS.   Hillman is the

25  former CEO of Bally Total Fitness Holding Corp. ("Bally") and former chairman of its board of

26  directors.   Plaintiff is informed and believes and based thereon alleges that in May 2004, Hillman

27  was named as a defendant in a securities class action against Bally, along with another future PHS

28  board member, John W. Dwyer ("Dwyer").   Plaintiff is informed and believe and based thereon

3
COMPLAINT

1   alleges that, in or around April 2004, the SEC announced that it was investigating Bally's accounting
2   practices relating to numerous accounting improprieties, including for the periods when Hillman
3   served as the CEO of Bally.  As a result of its investigation, the SEC ultimately filed a complaint
4   against Bally in 2008 alleging that Bally – while Hillman served as its CEO – made false and
5   misleading statements regarding its financial condition in its publicly filed financial statements from
6   1997-2003.  The statements were a result of the company employing accounting methods that were
7   not in conformity with generally accepted accounting principles, and in some instances were
8   fraudulent.  Bally's restatement of its financials revealed that there were more than two dozen
9   different accounting improprieties that materially affected Bally's financial statements during the
10  relevant time period.  Among other claims, the SEC alleged that in 2001 – during Hillman's tenure
11  as CEO of Bally – Bally overstated its original reported stockholder equity by approximately $1.8
12  billion (over $340%), and that Bally understated its 2003 net loss by approximately $91 million
13  (roughly 845%).  It was further reported that, subsequently, the SEC settled the charges against
14  Bally's former chief financial officer, Dwyer, whereby Dwyer agreed to pay a fine of $250,000 and
15  was permanently barred from serving as an officer or director of a public company.  Plaintiff is
16  further informed and believes and based thereon alleges that, in February 2005, the U.S. Justice
17  Department also commenced a criminal investigation of Bally's accounting practices.   In addition,
18  Bally's own audit committee found that Hillman and Dwyer were responsible for multiple
19  accounting errors, thereby ceasing severance payments to both individuals.  As a result of those
20  investigations, Bally subsequently restated its financial statements for the period 1997 through 2003,
21  when Hillman was the CEO of Bally.  Notwithstanding the serious charges made against Dwyer
22  concerning the financial fraud allegedly engaged in during Hillman's operation of Bally, Hillman
23  nonetheless retained Dwyer as the CFO of PHS.

24       13.      Bally filed for bankruptcy in or around August of 2007 after a decade-long, greater-
25  than-99% decline in its stock price.  After emerging from bankruptcy later in 2007, it again filed for
26  bankruptcy in or around December of 2008.

27       14.      Notwithstanding the aforesaid facts and significant charges made by the SEC against
28  Bally, during Hillman and Dwyer's tenures as executives at the company, neither Hillman nor

1   anyone else on behalf of PHS disclosed to Plaintiff any of the facts regarding Hillman and Dwyer's

2   former affiliation with Bally or that the SEC had filed charges against Bally and Dwyer, or the

3   purported fraudulent accounting practices and mismanagement that was engaged in during their

4   tenure at Bally, or that, as a result of the fraudulent accounting practices, Bally filed for bankruptcy.

5       15.     This material information would be extremely important to Freedom Magnet as a

6   potential investor in PHS for obvious reasons. Unfortunately, it appears that some of the same or

7   similar fraudulent reporting and accounting practices Hillman and Dwyer were accused of during

8   their tenure with Bally have been carried over to their operation and management of PHS.

9       16.     Had Hillman, or anyone at PHS, disclosed to Freedom Magnet the facts and

10   allegations made against Hillman and Bally – only a few years before Hillman became the CEO of

11   PHS – Freedom Magnet would never have agreed to invest in PHS.

12   **C.**     **PHS and Hillman Make Fraudulent Representations to Induce Freedom Magnet to**

13       **Invest in PHS.**

14       17.     In order to induce Freedom Magnet to invest in PHS, Hillman, individually and on

15   behalf of PHS, represented, among other things, to Freedom Magnet and its representatives that:

16   (i) PHS had exclusive proprietary rights in and to the platform, software and design of its products;

17   (ii) in order to protect PHS's proprietary rights, Jaquish, the principal inventor of the platform,

18   software, and design of the products, was subject to a non-compete agreement and would not form or

19   participate in any competing business; (iii) PHS projected 90% gross margins from PHS's subscriber

20   base; (iv) PHS projected significant increases in the sales of its products and corresponding revenue

21   stream; and (v) PHS expected to establish distributors of its products in over 50 countries.

22       18.     Those representations were demonstratively false when made and intended to mislead

23   Freedom Magnet, and other potential investors.

24       19.     In reliance on the foregoing fraudulent concealment of material facts and the separate

25   affirmative fraudulent representations made by, among others, Hillman individually and on behalf of

26   PHS, commencing in August 2011, Freedom Magnet invested a total of $600,000 in PHS, and

27   currently owns 8,298 membership units in PHS.

28

20.     As recent financial statements of PHS evidence, PHS has generated minimal sales/revenues, and it is questionable whether PHS has any foreign distributors of its product. Indeed, based on the PHS's tax returns, PHS has operated at a net loss in each of the preceding three years.   Further, incredibly, notwithstanding the abysmal sales by PHS and declining revenues generated during the aforesaid period, it appears that during this same period PHS paid salaries and wages in excess of $4.5 million.   It is obvious that PHS is operated as little more than a conduit to pay out investors' funds to PHS employees and directors, including Hillman himself, with no benefit whatsoever to Freedom Magnet.

**D.** **Hillman Improperly Runs the Purported Business Expenses of PHS Through a Separate Company, Solely Owned and Operated by Hillman.**

21.     The financial records and corporate structure of PHS indicate a fraudulent business operation.   Defendants concealed the fact that PHS runs its business expenses on a credit account in the name of a separate entity known as Liberation Advisory Group, LLC ("LAG"), which, based on information and belief, is a separate company wholly owned by Hillman.   Such unorthodox and undisclosed credit arrangement is highly suspect and creates an inherent conflict of interest between PHS and its CEO, Hillman.

22.     Further, PHS charging its business expenses through the credit account of a separate company wholly owned by Hillman evidences serious mismanagement by Hillman and the other officers of PHS and a breach of the officers' duties of loyalty to PHS and of disclosure to the investors of PHS.   Indeed, given the minimal sales and revenues reported by PHS during the past three years, it is highly questionable whether PHS should or could legitimately incur even a fraction of the purported business expenses charged back to it on the LAG credit card.   It appears more likely that PHS is being used to pay some portion of the overhead and operating expenses of LAG and/or personal expenses of Hillman and others.

23.     PHS, Hillman, and the other board members of PHS, fraudulently concealed from Freedom Magnet that PHS was running its business expenses through a separate company wholly owned by Hillman.

6

## FIRST CAUSE OF ACTION

### (For Fraudulent Inducement Against All Defendants)

24.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 23, inclusive, of this Complaint as if fully set forth herein.

25.     Prior to Plaintiff investing in PHS, Hillman, individually and on behalf of PHS, falsely represented to Plaintiff, among other misrepresentations, that: (i) PHS had exclusive proprietary rights in and to the platform, software and design of its products; (ii) that Jaquish, the principal inventor of the platform, software, and design of the products, was subject to a non-compete agreement and would not form or participate in any competing business with PHS; (iii) PHS predicted 90% gross margins from PHS's subscriber base; (iv) PHS projected significant increases in the sales of its products; and (v) PHS intended to significantly expand its distribution network, and expected to shortly have distributors of its product in over 50 countries.

26.     The foregoing representations made by and on behalf of Defendants were false, or made recklessly and without regard for the truth.  Specifically, Plaintiff is informed and believes and based thereon alleges that at the time Defendants made the foregoing representations, Hillman and PHS knew that they were false, but made the foregoing representations with the intention of inducing Plaintiff (and other investors) to invest in PHS so that Defendants could gain access to Plaintiff's capital for their own benefit.  Plaintiff did in fact reasonably and justifiably rely on the aforesaid representations to its detriment by investing $600,000 in PHS on the aforesaid representations of Defendants.

27.     Furthermore, as the parties entrusted with the use of the substantial monies contributed by Plaintiff toward development and exploitation of PHS products, Defendants had a duty to, among other things, disclose to Plaintiff all material facts concerning the use of that money, and to refrain from any conduct, misrepresentation, concealment, breach of contract or duty, threat or adverse pressure of any kind in connection with such use.  Nevertheless, Defendants appear to have misappropriated and used, in whole or in part, the monies invested by Plaintiff in PHS for purposes unrelated to the business and operation of PHS.

COMPLAINT

28.    The above acts were done with the knowledge, approval and ratification of each Defendant.  Defendants each aided and abetted in the fraudulent representations because they were aware of and substantially assisted Hillman in carrying out the scheme.  The other officers and managing members of PHS were aware of the aforesaid fraudulent representations made to Freedom Magnet and other investors and did nothing to protect Plaintiff from the wrongful conduct.  Plaintiff is informed and believes that each of the Defendants directly participated in the fraud, knowingly benefitted from Plaintiff's investment in PHS, and/or ratified the fraudulent conduct.   The Defendants are therefore each jointly and severally liable for the alleged conduct.

29.    As a direct and proximate result of the aforesaid fraudulent conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but believed to be in excess of $600,000.  When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously, oppressively and despicably with the full knowledge of the adverse effect of their actions on Plaintiff, and with willful and deliberate disregard of the consequences to Plaintiff such as to constitute oppression, fraud or malice.  By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount appropriate to punish or set an example of Defendants and to deter Defendants from engaging in such conduct in the future.

## SECOND CAUSE OF ACTION

### (Fraudulent Concealment Against All Defendants)

31.    Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 30, inclusive, of this Complaint as if fully set forth herein.

32.    As alleged hereinabove, Hillman, individually and on behalf of PHS, intentionally withheld and failed to disclose significant material information of and concerning the business operations of PHS, including: (i) his former affiliation with Bally – which filed for bankruptcy as a result of alleged fraudulent accounting practices and mismanagement – or that he was named as a defendant in a securities class action for alleged fraudulent accounting practices and

1  mismanagement; (ii) the fact that the projected gross margins, sales estimates, and increase in

2  distributor network were all baseless and wildly inflated; (iii) the fact that PHS had no enforceable

3  non-competition agreement with its founder, Jaquish, and that Jaquish was free to engage in

4  competitive businesses which could substantially undermine the business and potential profitability

5  of PHS; and (iv) that Hillman was charging purported business expenses of PHS on a credit line in

6  the name of another business wholly owned by Hillman.  Alternatively, Hillman, individually, and

7  on behalf of PHS, disclosed to Plaintiff certain facts relating to the projected gross margins, sales

8  estimates, and increase in distributor network, while intentionally failing to disclose other facts

9  thereby making the disclosure of those facts deceptive.

10      33.    Defendants withheld and failed to disclose these material facts to Plaintiff, all of

11  which were unknown to Plaintiff, with the intent to induce Plaintiff to invest in PHS.

12      34.    Defendants were aware of the material information relating to Hillman's involvement

13  with Bally, the misleading and inaccurate sales and revenue projections, that no non-competition

14  agreement exists with Jaquish, and Hillman's use of a line of credit in another company wholly

15  owned by Hillman for alleged PHS business expenses, and knew that Plaintiff was unlikely to

16  discover and did not have the reasonable means to discover that information.  Defendants'

17  concealment of the aforesaid facts and information was intended to deceive Plaintiff and induce

18  Plaintiff to invest in PHS.  Under the circumstances, including Hillman's position as a corporate

19  officer of PHS, Defendants were under a duty to disclose these material facts to Plaintiff.  However,

20  they failed to do so.

21      35.    Plaintiff was unaware of the true material facts that were concealed by Defendants as

22  alleged herein.  Had Plaintiff known such facts, it would not have invested in PHS and paid

23  $600,000 for the membership units in PHS.

24      36.    The above acts were done with the knowledge, approval and ratification of each

25  Defendant.  Defendants each aided and abetted in the fraudulent concealment of material

26  information pertaining to PHS because they were aware of and substantially assisted Hillman in

27  carrying out the scheme.  The other officers and managing members of PHS were aware of the

28  aforesaid fraudulent representations made to Freedom Magnet and other investors and did nothing to

COMPLAINT

1  protect Plaintiff from the wrongful conduct.  Plaintiff is informed and believes that each of the

2  Defendants directly participated in the fraud, knowingly benefitted from Plaintiff's investment in

3  PHS, and/or ratified the fraudulent conduct.  The Defendants are therefore each jointly and severally

4  liable for the alleged conduct.

5       37.     As a direct and proximate result of the fraudulent concealment of material facts by

6  Defendants, and providing Plaintiff with false and misleading half-truths, Plaintiff has suffered and

7  continues to suffer damages in an amount to be proven at trial, but believed to be in excess of

8  $600,000.  When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court

9  to amend this Complaint accordingly.

10      38.     Plaintiff is informed and believes and based thereon alleges that Defendants, in doing

11 the things herein alleged, acted willfully, maliciously, oppressively and despicably with the full

12 knowledge of the adverse effect of their actions on Plaintiff, and with willful and deliberate

13 disregard of the consequences to Plaintiff such as to constitute oppression, fraud or malice.  By

14 reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in

15 an amount appropriate to punish or set an example of Defendants and to deter Defendants from

16 engaging in such conduct in the future.

17                               **THIRD CAUSE OF ACTION**

18              **(For Securities Fraud in Violation of § 10(B) and Rule 10b-5 of**

19                **the Securities Exchange Act of 1934 Against All Defendants)**

20      39.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation

21 contained in Paragraphs 1 through 38, inclusive, of this Complaint as if fully set forth herein.

22      40.     Defendants, and each of them, by engaging in the conduct described hereinabove,

23 directly or indirectly, in connection with the purchase or sale of a security (in PHS), by the use of

24 means or instrumentalities of interstate commerce, of the mails or of the facilities of a national

25 securities exchange, with scienter: (i) employed devises, schemes, or artifices to defraud Plaintiff;

26 (ii) made untrue statements of material fact or omitted to state a material fact necessary in order to

27 make statements made, in the light of circumstances under which they were made, not misleading; or

28

1  (iii) engaged in acts, practices, or courses of business which operated or would operate as a fraud or

2  deceit upon other persons.

3      41.    Specifically, as stated above, Defendants solicited Plaintiff to invest in PHS and

4  offered and sold security interests in PHS to investors, including Plaintiff.  Defendants solicited

5  Plaintiff and offered and sold the security interests in PHS to Plaintiff by mailings, electronic mail,

6  telephone calls, electronic wire transfers, and through interstate communications.

7      42.    Defendants committed the foregoing acts, including (i) setting up a systematic

8  scheme of investment opportunities in PHS, (ii) making material representations pertaining to and to

9  solicit investments in PHS, and (iii) omitting material facts with respect to the investment

10 opportunities in PHS, with the net result of defrauding or deceiving Plaintiff into investing cash in

11 PHS which Defendants misused and/or misappropriated.

12     43.    Defendants engaged in the aforesaid conduct intentionally or recklessly, in breach of

13 contracts, fiduciary duties, and applicable statutes and common laws, all to Plaintiff's detriment.

14 Had Plaintiff known of the Defendants' true intent, premeditated scheme, and material

15 misrepresentations and omissions as alleged herein, Plaintiff would not have purchased any security

16 interest in PHS.

17     44.    By engaging in the conduct described above, Defendants, and each of them, directly

18 or indirectly, violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5

19 thereunder [17 C.F.R. § 240.10b-5].

20     45.    As a direct and proximate result of Defendants' conduct as described above, Plaintiff

21 has suffered and continues to suffer damages in an amount to be proven at trial, but believed to be in

22 excess of $600,000.  When Plaintiff has ascertained the full amount of its damages, it will seek leave

23 of Court to amend this Complaint accordingly.

24                          **FOURTH CAUSE OF ACTION**

25      **(For Violation of California Corporations Code § 25401 Against All Defendants)**

26     46.    Plaintiff realleges, adopts and incorporates by reference, each and every allegation

27 contained in Paragraphs 1 through 45, inclusive, of this Complaint as if fully set forth herein

28

47.     Plaintiff is informed and believes and based thereon alleges that Defendants offered to sell and sold the membership interest units in PHS by means of written and oral communications which included untrue statements of material facts.  In order to induce Plaintiff to invest $600,000 to purchase membership interests in PHS, Defendant Hillman, individually and on behalf of PHS, falsely represented to Plaintiff that: (i) PHS had exclusive proprietary rights in and to the platform, software and design of its products; (ii) that Jaquish, the principal inventor of the platform, software, and design of the products, was subject to a non-compete agreement and would not form or participate in any competing business with PHS; (iii) PHS predicted 90% gross margins from PHS's subscriber base; (iv) PHS projected significant increases in the sales of its products; and (v) PHS intended to significantly expand its distribution network, and expected to shortly have distributors of its product in over 50 countries.

48.     Plaintiff is informed and believes and based thereon alleges that Defendants knew at the time they made the above-described representations, that they were false when made.  After Plaintiff discovered that these representations were fraudulent it demanded a return of its $600,000 investment in PHS.  Notwithstanding those demands, Defendants have failed and refused to repay Plaintiff its investment in PHS.

49.     Plaintiff would never have invested in PHS absent the aforesaid false representations, amongst others, and Defendants' fraudulent concealment of material facts.  Defendants' conduct as described above was in violation of California Corporations Code Section 25401.

50.     As a direct and proximate result of the aforesaid fraudulent representations and fraudulent concealment of material facts by Defendants, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but believed to be in excess of $600,000.  When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

## FIFTH CAUSE OF ACTION

### (For Negligent Misrepresentation Against All Defendants)

51.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 50, inclusive, of this Complaint as if fully set forth herein.

12

52.     Plaintiff is informed and believes and based thereon alleges that if Defendants, and each of them, did not intentionally make the misrepresentations alleged hereinabove, Defendants negligently and carelessly made the misrepresentations to Plaintiff.

53.     Plaintiff is informed and believes and based thereon alleges that the above misrepresentations were made by Defendants, and each of them, without any reasonable ground for believing them to be true.

54.     Plaintiff is informed and believes and based thereon alleges that each of the above representations were made by Defendants, and each of them, with an intent to induce Plaintiff to rely thereon.   At the time or times Defendants made the aforesaid misrepresentations, Plaintiff was ignorant of the falsity of Defendants' representations and reasonably and justifiably believed them to be true.  In reliance on Defendants' representations, Plaintiff was induced to invest $600,000 in PHS.

55.     As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but believed to be in excess of $600,000.  When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

## SIXTH CAUSE OF ACTION

**(For Violation of California Business & Professions Code §§ 17200, et. seq.**

**Against All Defendants)**

56.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 55, inclusive, of this Complaint as if fully set forth herein.

57.     As alleged hereinabove, Defendants have engaged in unlawful, fraudulent and/or unfair business practices and have utilized certain improper, fraudulent and/or unlawful means to unjustly enrich themselves, and to cause deliberate injury to Plaintiff, by, among other things, the conduct set forth in Paragraphs 12 through 23 above.

58.     California Business and Professions Code §§ 17200, et seq. provides a private right of action to remedy "any unlawful, unfair or fraudulent business act or practice . . . ."  By engaging in the acts and omissions described hereinabove, Defendants have committed unlawful, fraudulent or unfair business practices in violation of California Business and Professions Code §§ 17200, et seq.

13

COMPLAINT

59.     As a direct and proximate result of Defendants' violations of California Business and Professions Code §§ 17200, *et seq.*, as described herein, Plaintiff is entitled to restitution in an amount not less than $600,000.

### SEVENTH CAUSE OF ACTION

**(For Breach of Fiduciary Duty Against Hillman)**

60.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 59, inclusive, of this Complaint as if fully set forth herein.

61.     As the Chief Executive Office of PHS, Hillman has fiduciary duties of care and loyalty to the investors and members of PHS.  Hillman's duty of loyalty requires him to protect the interests of PHS and its investors and to refrain from conduct with would injure PHS or deprive it of profit or advantage.  It also requires that he eschew any conflict between this duty and his own self-interest.

62.     As set forth above, Hillman breached these duties by among other things: (i) running the alleged business expenses of PHS through the credit card of his own wholly owned and operated company; (ii) charging non-business related expenses to PHS; (iii) paying out officer salaries (including to himself) and expenses far in excess of any revenue generated by the company; (iv) failing to disclose material sales and distribution information to the investors and members of PHS; and (v) using the funds of PHS to enrich himself at the expense of the members of PHS and specifically, Plaintiff.

63.     As a direct and proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, but believed to be in excess of $600,000.  When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

64.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously, oppressively and despicably with the full knowledge of the adverse effect of their actions on Plaintiff, and with willful and deliberate disregard of the consequences to Plaintiff such as to constitute oppression, fraud or malice.  By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in

1    an amount appropriate to punish or set an example of Defendants and to deter Defendants from

2    engaging in such conduct in the future.

3                               **PRAYER FOR RELIEF**

4           **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as

5    follows:

6    **AS TO THE FIRST CAUSE OF ACTION:**

7           1.    For general and special damages in an amount not less than Six Hundred Thousand

8                 Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

9                 the legal rate;

10          2.    For punitive or exemplary damages as provided by law;

11   **AS TO THE SECOND CAUSE OF ACTION:**

12          3.    For general and special damages in an amount not less than Six Hundred Thousand

13                Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

14                the legal rate;

15          4.    For punitive or exemplary damages as provided by law;

16   **AS TO THE THIRD CAUSE OF ACTION:**

17          5.    For general and special damages in an amount not less than Six Hundred Thousand

18                Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

19                the legal rate;

20   **AS TO THE FOURTH CAUSE OF ACTION:**

21          6.    For general and special damages in an amount not less than Six Hundred Thousand

22                Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

23                the legal rate;

24   **AS TO THE FIFTH CAUSE OF ACTION:**

25          7.    For general and special damages in an amount not less than Six Hundred Thousand

26                Dollars ($600,000), in accordance with proof at trial, together with interest thereon at

27                the legal rate;

28

**AS TO THE SIXTH CAUSE OF ACTION:**

8.    For restitution in an amount not less than Six Hundred Thousand Dollars ($600,000), in accordance with proof at trial, together with interest thereon at the legal rate;

**AS TO THE SEVENTH CAUSE OF ACTION:**

9.    For general and special damages in an amount not less than Six Hundred Thousand Dollars ($600,000), in accordance with proof at trial, together with interest thereon at the legal rate;

10.    For punitive or exemplary damages as provided by law;

**AS TO ALL CAUSES OF ACTION:**

11.    For all costs of suit;

12.    For attorneys' fees and costs as may be provided by law;

13.    For pre-judgment interest at the maximum legal rate;

14.    For post-judgment interest at the maximum legal rate; and

15.    For such other and further relief as deemed just and proper.

Dated: March 30, 2017

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
ZEV F. RABEN

By: _____
BRIAN G. WOLF
Attorneys for Plaintiff
FREEDOM MAGNET, LLC

16

COMPLAINT

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Freedom Magnet, LLC demands a trial by jury.

Dated:  March 30, 2017

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
ZEV F. RABEN

By: _____
     BRIAN G. WOLF
Attorneys for Plaintiff
FREEDOM MAGNET, LLC

17

COMPLAINT

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
BRIAN G. WOLF, ESQ.   SBN: 135257
LAVELY & SINGER PROF. CORP.
2049 CENTURY PARK EAST, SUITE 2400, LOS ANGELES, CA 90067
TELEPHONE NO.: (310) 556-3501   FAX NO.: (310) 556-3615
**ATTORNEY FOR** *(Name):* PLAINTIFF FREEDOM MAGNET, LLC
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: 1725 Main Street
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: Santa Monica Courthouse

CASE NAME: FREEDOM MAGNET, LLC., etc. v. PERFORMANCE HEALTH
SYSTEMS, LLC, etc., et al.

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 03 2017

Sherri R. Carter, Executive Officer/Clerk
By: Stacey Watson, Deputy

FAXED

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SC127323 |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | JUDGE: LISA HART COLE |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* SEVEN (7)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2017

ZEV F. RABEN, ESQ.
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
        domain, landlord/tenant, or
        foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**



| SHORT TITLE: FREEDOM MAGNET, etc. v. PERFORMANCE HEALTH SYSTEMS, etc., et al. | CASE NUMBER: SC127323 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: FREEDOM MAGNET, etc. v. PERFORMANCE HEALTH SYSTEMS, etc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☑ A6013 | Fraud (no contract) | 1, 2, ③ |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 | Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 | Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 | Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 | Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 | Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation     Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 | Quiet Title | 2, 6 |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: FREEDOM MAGNET, etc. v. PERFORMANCE HEALTH SYSTEMS, etc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: FREEDOM MAGNET, etc. v. PERFORMANCE HEALTH SYSTEMS, etc., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>2049 Century Park East, Suite 2400 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90067 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____West_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _____April 3, 2017_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

CASE NO. _____SC127323_____

## *NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

_____**LISA HART COLE**_____   Department: _____

Santa Monica Courthouse
1725 Main Street
Santa Monica, CA 90401

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:** Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. **The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give separate notice of the Case Management Review and Conference to all named parties** in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. **Proof of service must be brought to the hearing if not previously filed.** Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110(b)) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

–1–

1  **BRIAN G. WOLF (BAR NO. 135257)**
   **ZEV F. RABEN (BAR NO. 297406)**
2  **LAVELY & SINGER**
   **PROFESSIONAL CORPORATION**
3  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
4  Telephone: (310) 556-3501
   Facsimile: (310) 556-3615
5  Emails:  bwolf@lavelysinger.com
            zraben@lavelysinger.com
6
   Attorneys for Plaintiff
7  FREEDOM  MAGNET, LLC

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                       **COUNTY OF LOS ANGELES**

11  FREEDOM MAGNET, LLC, a South Dakota  )   CASE NO.  SC127323
    limited liability company,                          )
12                                                       )   [Hon. Lisa Hart Cole - Dept. "O"]
                                                         )
13               Plaintiff,                              )   **NOTICE OF CASE MANAGEMENT**
                                                         )   **CONFERENCE**
14         v.                                            )
                                                         )   Date:       August 1, 2017
15  PERFORMANCE HEALTH SYSTEMS,                          )   Time:       8:30 a.m.
    LLC, a Delaware limited liability company;          )   Dept:       O
16  LEE S. HILLMAN, an individual; and                  )
    DOES 1 through 20, inclusive,                        )   Complaint Filed:    04/03/2017
17                                                       )   Trial Date:         None Set
                 Defendants.                             )
18                                                       )

19         PLEASE TAKE NOTICE that a Case Management Conference has been set for August 1,

20  2017 at 8:30 a.m. in Department O of the above-referenced court located at 1725 Main Street, Santa

21  Monica, California 90401.

22  DATE: April 4, 2017                      LAVELY & SINGER
                                             PROFESSIONAL CORPORATION
23                                           BRIAN G. WOLF
                                             ZEV F. RABEN
24

25                                           By: _____
                                                 ZEV F. RABEN
26                                           Attorneys for Plaintiff
                                             FREEDOM MAGNET, LLC
27

28

─────────────────────────────────────────────────────────
NOTICE OF CASE MANAGEMENT CONFERENCE